In the Matter of the Claim of Mrs. Dorothy Ward, Respondent, against Standard Oil Company of New York, Appellant. State Industrial Board, Respondent.— This is an appeal from an award made by the State Industrial Board pursuant to the provisions of the Workmen's Compensation Law for death benefits to the widow and minor children of George Ward, a deceased employee. A long record was made of protracted hearings and much evidence was taken. The appellant raises two points upon this appeal: *First.* The deceased suffered no exposure to lead or its compounds. *Second.* Death was due to natural causes. Both of these are questions of fact and they have been resolved by the State Industrial Board against the appellant. The decedent was a strong healthy man and was working in the gasoline business for the appellant. He had never consulted a physician or been sick and in 1932 he was exposed to concentrated lead and helped to mix it with gasoline. From then on he developed symptoms of lead poisoning. A dentist found a lead line on his gum. He was treated by his own doctor for lead poisoning. The death certificate showed that he died from lead poisoning. The record contains substantial evidence supporting the finding and conclusions made by the Board and the award is affirmed, with costs to the State Industrial Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

Edward M. Higley, Appellant, v. June S. Higley, Respondent.— This is an appeal by the plaintiff from an order denying his motion to strike from the amended answer of the defendant all denials of and objections to the jurisdiction of the Supreme Court in the above action and to strike from said answer the defense of lack of jurisdiction. The defendant made a motion to set aside the service of the summons and complaint which motion was denied and thereafter the defendant served an answer and amended answer in which the question of the jurisdiction of the court over the subject-matter was raised. After the denial of the motion to set aside the summons and complaint the defendant made an application for alimony and counsel fees which was granted and the defendant in her amended answer to the amended complaint raised the question as to jurisdiction of the court over the subject-matter. The court below has held that this matter can better be tried out in the trial of the action than it can be determined upon conflicting affidavits. With this we agree. The order appealed from is affirmed, with the costs of this appeal to the respondent. Order affirmed, with ten dollars costs and disbursements. Hill, P. J., McNamee, Crapser and Bliss, JJ., concur. [See, also, *ante,* p. 61.]